UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMSON WOUBETU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:22-cv-02280 (UNA) |
| v. | ) |
| | ) |
| CHERNED YIGRAM, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Plaintiff has filed a rambling complaint consisting of unconnected anecdotes and incomprehensible wide-ranging allegations against numerous people and organizations, including "All American People" and "All African People." The complaint fails to make out a cognizable claim, and the relief sought is unclear.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, or to establish the subject matter jurisdiction of this court, the complaint is fundamentally frivolous. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

DATE: October 13, 2022                          _____ s/s_____
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge